IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 1 0 2008

Michael N. Milby, Clerk

| | |
|---|---|
| PRESTON EXPLORATION COMPANY, L.P., § <br> PEC PARTNERSHIP, T.S.C. OIL & GAS, § <br> INC. & FRANK WILLIS, III § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> GSF, L.L.C. § <br> & CHESAPEAKE ENERGY CORPORATION § <br> § <br> Defendants. § | CIVIL ACTION NO. H-08-3341 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs PRESTON EXPLORATION COMPANY, L.P., PEC PARTNERSHIP, T.S.C. OIL & GAS, INC., and FRANK WILLIS, III (hereinafter collectively referred to as "PRESTON" or "Plaintiffs") file this Original Complaint against Defendants GSF, L.L.C. and CHESAPEAKE ENERGY CORPORATION (hereinafter collectively referred to as "CHESAPEAKE" or "Defendants"), and for cause of action respectfully show unto this Honorable Court as follows:

## I.
## PARTIES

1. Plaintiff PRESTON EXPLORATION COMPANY, L.P. is a Delaware limited partnership with its principal place of business located at 1717 Woodstead Court, Suite 207, The Woodlands, Texas 77380.

1

2. Plaintiff, PEC PARTNERSHIP is a Delaware partnership with its principal place of business located at 1717 Woodstead Court, Suite 207, The Woodlands, Texas 77380.

3. Plaintiff T.S.C. OIL & GAS, INC. is a Texas corporation with its principal place of business located at 4925 Greenville Ave., Suite 707, Dallas, Texas 75206.

4. Plaintiff FRANK WILLIS, III is an individual whose address is P.O. Box 269, Carthage, Texas 75633.

5. Defendant GSF, L.L.C. is an Oklahoma limited liability company with its principal place of business located at 6100 North Western Avenue, Oklahoma City, OK 73118, and does business in the State of Texas. GSF, L.L.C. may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul St., Dallas, Texas 75201.

6. Defendant CHESAPEAKE ENERGY CORPORATION is an Oklahoma corporation with its principal place of business located at 6100 North Western Avenue, Oklahoma City, OK 73118, and does business in the State of Texas. CHESAPEAKE ENERGY CORPORATION may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul St., Dallas, Texas 75201.

## II.
## JURISDICTION

7. This Court has jurisdiction over Plaintiffs' causes of action pursuant to 28 U.S.C. §1332, as there is complete diversity between the parties and the amount in controversy far exceeds the sum of $75,000, exclusive of interest, costs and attorneys' fees. Moreover, under the parties' Purchase and Sale Agreements which are the subject

of this lawsuit, the parties expressly consent to the exercise of jurisdiction *in personam* by the United States District Court, Southern District of Texas, Houston Division.

### III.
### VENUE

8. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Texas. Moreover, under the parties' Purchase and Sale Agreements which are the subject of this lawsuit, the parties expressly consent to litigate disputes under said Purchase and Sale Agreements in the United States District Court, Southern District of Texas, Houston Division.

### IV.
### FACTS

9. On September 30, 2008, Plaintiff PRESTON EXPLORATION COMPANY, L.P. entered into a Purchase and Sale Agreement with Defendant GSF, L.L.C. under which Defendant GSF, L.L.C. agreed to purchase various properties owned by Plaintiff. A true and correct copy of the parties' fully executed Purchase and Sale Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference as if fully set forth. As reflected in Exhibit "A", November 7, 2008 was the agreed closing date for the transaction and Defendant CHESAPEAKE ENERGY CORPORATION (the parent company of GSF, L.L.C.) "unconditionally guarantee[d] the prompt, faithful and full performance of all of [GSF]'s representations, warranties, covenants and obligations under the Purchase and Sale Agreement."

10. On September 30, 2008, Plaintiff PEC PARTNERSHIP entered into a Purchase and Sale Agreement with Defendant GSF, L.L.C. under which Defendant GSF,

3

L.L.C. agreed to purchase various properties owned by Plaintiff. A true and correct copy of the parties' fully executed Purchase and Sale Agreement is attached hereto as Exhibit "B" and is incorporated herein by reference as if fully set forth. As reflected in Exhibit "B", November 7, 2008 was the agreed closing date for the transaction and Defendant CHESAPEAKE ENERGY CORPORATION (the parent company of GSF, L.L.C.) "unconditionally guarantee[d] the prompt, faithful and full performance of all of [GSF]'s representations, warranties, covenants and obligations under the Purchase and Sale Agreement."

11. On September 30, 2008, Plaintiffs T.S.C. OIL & GAS, INC. and FRANK WILLIS, III entered into a Purchase and Sale Agreement with Defendant GSF, L.L.C. under which Defendant GSF, L.L.C. agreed to purchase various properties owned by Plaintiff. A true and correct copy of the parties' fully executed Purchase and Sale Agreement is attached hereto as Exhibit "C" and is incorporated herein by reference as if fully set forth. As reflected in Exhibit "C", November 7, 2008 was the agreed closing date for the transaction and Defendant CHESAPEAKE ENERGY CORPORATION (the parent company of GSF, L.L.C.) "unconditionally guarantee[d] the prompt, faithful and full performance of all of [GSF]'s representations, warranties, covenants and obligations under the Purchase and Sale Agreement."

12. Plaintiffs have performed all of their obligations under the respective Purchase and Sale Agreements or have tendered such performance. Plaintiffs were all ready, willing and able to close the transactions represented by the respective Purchase and Sale Agreements.

13. Despite Plaintiffs' willingness to complete the transactions, on November 6, 2008, Defendants indicated to Plaintiffs, in writing, that Defendants did not intend to go through with the closing on the properties to be sold under the respective Purchase and Sale Agreements and, in fact, Defendants failed and refused to appear for the closing on November 7, 2008.

14. Defendants' refusals to complete the transactions constitute material breaches of each of the Purchase and Sale Agreements attached hereto and Plaintiffs are each entitled to the remedy of specific performance as specified in Section 12(p) of each Purchase and Sale Agreement.

## V.
## CONDITIONS PRECEDENT

15. All conditions precedent to filing suit have been performed or have occurred.

## VI.
## CAUSES OF ACTION

### BREACH OF CONTRACT

16. Plaintiffs incorporate all previous paragraphs herein as if set forth in full.

**A.   PRESTON EXPLORATION COMPANY, L.P./GSF, L.L.C. AGREEMENT**

17. On September 30, 2008, PRESTON EXPLORATION COMPANY, L.P. and GSF, L.L.C. entered in a Purchase and Sale Agreement, attached hereto as Exhibit "A" under which GSF, L.L.C. agreed to purchase various properties owned by PRESTON EXPLORATION COMPANY, L.P. The Purchase and Sale Agreement is a bilateral agreement consisting of an offer, acceptance, mutual assent, execution and delivery of the contract with the intent that it be mutual and binding, and is supported by

consideration. Therefore, the Purchase and Sale Agreement is a valid, enforceable agreement.

18.　Plaintiff PRESTON EXPLORATION COMPANY, L.P. is the rightful owner of the properties to be sold to GSF, L.L.C. under the Purchase and Sale Agreement attached hereto as Exhibit "A" and is, therefore, a proper party to sue for breach of such Purchase and Sale Agreement.

19.　Plaintiff PRESTON EXPLORATION COMPANY, L.P. has performed all of its obligations under the Purchase and Sale Agreement attached hereto as Exhibit "A" or has tendered performance of all of its obligations. Plaintiff PRESTON EXPLORATION COMPANY, L.P. has notified GSF, L.L.C. of its intent to fully comply with all of its obligations under the Purchase and Sale Agreement.

20.　Defendants breached the Purchase and Sale Agreement attached hereto as Exhibit "A" by failing to perform all of their obligations under said Agreement. Specifically, Defendant GSF, L.L.C. has materially breached the Agreement by anticipatorily repudiating its performance without a just excuse by refusing to deliver the agreed upon purchase price and refusing to perform its closing obligations.

21.　Defendant CHESAPEAKE ENERGY CORPORATION has breached its agreement to "unconditionally guarantee the prompt, faithful and full performance of all of [GSF]'s representations, warranties, covenants and obligations under the Purchase and Sale Agreement."

22.　Defendants' breaches have caused injury to Plaintiff for which there is no adequate remedy at law. In the Purchase and Sale Agreement attached hereto as Exhibit "A", the parties agreed that the properties to be sold were unique and that monetary

damages would not be adequate compensation for any loss incurred by reason of any breach of obligations described in the Purchase and Sale Agreement. Therefore, Plaintiff is entitled to specific performance of the Purchase and Sale Agreement. Plaintiff is entitled to specific performance from either or both of Defendants, including as a result of CHESAPEAKE ENERGY CORPORATION'S guarantee of GSF, L.L.C.'s performance of its obligations under the Purchase and Sale Agreement.

**B.     PEC PARTNERSHIP/GSF, L.L.C. AGREEMENT**

23.     On September 30, 2008, PEC PARTNERSHIP and GSF, L.L.C. entered in a Purchase and Sale Agreement, attached hereto as Exhibit "B" under which GSF, L.L.C. agreed to purchase various properties owned by PEC PARTNERSHIP. The Purchase and Sale Agreement is a bilateral agreement consisting of an offer, acceptance, mutual assent, execution and delivery of the contract with the intent that it be mutual and binding, and is supported by consideration. Therefore, the Purchase and Sale Agreement is a valid, enforceable agreement.

24.     Plaintiff PEC PARTNERSHIP is the rightful owner of the properties to be sold to GSF, L.L.C. under the Purchase and Sale Agreement attached hereto as Exhibit "B" and is, therefore, a proper party to sue for breach of such Purchase and Sale Agreement.

25.     Plaintiff PEC PARTNERSHIP has performed all of its obligations under the Purchase and Sale Agreement attached hereto as Exhibit "B" or has tendered performance of all of its obligations. Plaintiff PEC PARTNERSHIP has notified GSF, L.L.C. of its intent to fully comply with all of its obligations under the Purchase and Sale Agreement.

26. Defendants breached the Purchase and Sale Agreement attached hereto as Exhibit "B" by failing to perform all of their obligations under said Agreement. Specifically, Defendant GSF, L.L.C. has materially breached the Agreement by anticipatorily repudiating its performance without a just excuse by refusing to deliver the agreed upon purchase price and refusing to perform its closing obligations.

27. Defendant CHESAPEAKE ENERGY CORPORATION has breached its agreement to "unconditionally guarantee the prompt, faithful and full performance of all of [GSF]'s representations, warranties, covenants and obligations under the Purchase and Sale Agreement."

28. Defendants' breaches have caused injury to Plaintiff for which there is no adequate remedy at law. In the Purchase and Sale Agreement attached hereto as Exhibit "B", the parties agreed that the properties to be sold were unique and that monetary damages would not be adequate compensation for any loss incurred by reason of any breach of obligations described in the Purchase and Sale Agreement. Therefore, Plaintiff is entitled to specific performance of the Purchase and Sale Agreement. Plaintiff is entitled to specific performance from either or both of Defendants, including as a result of CHESAPEAKE ENERGY CORPORATION'S guarantee of GSF, L.L.C.'s performance of its obligations under the Purchase and Sale Agreement.

C. **T.S.C. OIL & GAS, INC. , FRANK WILLIS, III/GSF, L.L.C. AGREEMENT**

29. On September 30, 2008, T.S.C. OIL & GAS, INC., FRANK WILLIS, III and GSF, L.L.C. entered in a Purchase and Sale Agreement, attached hereto as Exhibit "C" under which GSF, L.L.C. agreed to purchase various properties owned by T.S.C. OIL & GAS, INC. and FRANK WILLIS, III. The Purchase and Sale Agreement is a

bilateral agreement consisting of an offer, acceptance, mutual assent, execution and delivery of the contract with the intent that it be mutual and binding, and is supported by consideration. Therefore, the Purchase and Sale Agreement is a valid, enforceable agreement.

30. Plaintiffs T.S.C. OIL & GAS, INC. and FRANK WILLIS, III are the rightful owners of the properties to be sold to GSF, L.L.C. under the Purchase and Sale Agreement attached hereto as Exhibit "C" and are, therefore, proper parties to sue for breach of such Purchase and Sale Agreement.

31. Plaintiffs T.S.C. OIL & GAS, INC. and FRANK WILLIS, III have performed all of their respective obligations under the Purchase and Sale Agreement attached hereto as Exhibit "C" or have tendered performance of all of their respective obligations. Plaintiffs T.S.C. OIL & GAS, INC. and FRANK WILLIS, III have notified GSF, L.L.C. of their intent to fully comply with all of their respective obligations under the Purchase and Sale Agreement.

32. Defendants breached the Purchase and Sale Agreement attached hereto as Exhibit "C" by failing to perform all of their obligations under said Agreement. Specifically, Defendant GSF, L.L.C. has materially breached the Agreement by anticipatorily repudiating its performance without a just excuse by refusing to deliver the agreed upon purchase price and refusing to perform its closing obligations.

33. Defendant CHESAPEAKE ENERGY CORPORATION has breached its agreement to "unconditionally guarantee the prompt, faithful and full performance of all of [GSF]'s representations, warranties, covenants and obligations under the Purchase and Sale Agreement."

34. Defendants' breaches have caused injury to Plaintiffs for which there is no adequate remedy at law. In the Purchase and Sale Agreement attached hereto as Exhibit "C", the parties agreed that the properties to be sold were unique and that monetary damages would not be adequate compensation for any loss incurred by reason of any breach of obligations described in the Purchase and Sale Agreement. Therefore, Plaintiffs are entitled to specific performance of the Purchase and Sale Agreement. Plaintiff is entitled to specific performance from either or both of Defendants, including as a result of CHESAPEAKE ENERGY CORPORATION'S guarantee of GSF, L.L.C.'s performance of its obligations under the Purchase and Sale Agreement.

## VII.
## ATTORNEY'S FEES

35. Plaintiffs have retained the undersigned law firm to represent them in this matter and have agreed to pay the firm reasonable and necessary attorney's fees. Plaintiffs allege they are entitled to an award of reasonable and necessary attorney's fees pursuant to §38.001 *et seq.* of the Texas Civil Practice & Remedies Code, or as would be equitable and just.

## VIII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

36. Plaintiffs are further entitled to recovery of pre-judgment and post-judgment interest in accordance with applicable law and equity as part of their damages herein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs PRESTON EXPLORATION COMPANY, L.P., PEC PARTNERSHIP, T.S.C. OIL & GAS, INC.,

and FRANK WILLIS, III pray that Defendants GSF, L.L.C. and CHESAPEAKE ENERGY CORPORATION be cited to appear and answer herein; that the Defendants be ordered to specifically perform the Purchase and Sale Agreements attached hereto; that Plaintiffs recover their attorney's fees and costs of court herein expended; that Plaintiffs recover pre-judgment and post-judgment interest to which they are entitled by law; and for such other and further relief, both general and special, in law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: _/s/ F. Lee Butler_
F. Lee Butler
State Bar No. 00785606
S.D. TX ID No. 17174
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152

*Counsel for Plaintiffs PRESTON EXPLORATION COMPANY, L.P., PEC PARTNERSHIP, T.S.C. OIL & GAS, INC., and FRANK WILLIS, III*

**OF COUNSEL:**

Adams and Reese LLP
Richard A. Stewart
State Bar No. 24028010
S.D. TX ID No. 28322
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Telephone:  (713) 652-5151
Facsimile:   (713) 652-5152