UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON EXPLORATION CO., et al, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-08-3341 |
| | § | |
| CHESAPEAKE ENERGY CORP., et al, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Exclude Evidence of Alleged Title Defects of Plaintiffs Preston Exploration Company, L.P., PEC Partnership, T.S.C. Oil & Gas, Inc., and Frank Willis, III (collectively "Preston") (Doc. No. 109). The Court is of the opinion that the Motion should be denied.

In its Motion, Preston seeks to exclude "any testimony or evidence regarding alleged title defects that were waived because they were not submitted to Preston in writing by the October 4, 2008 deadline provided in Section 6 of the PSAs." (Pl. Mot., Doc. No. 109, at 3.) Preston further argues that any such evidence would be irrelevant to the remaining fact issue, because Section 2(b) of the PSAs would not have rendered the leases to be assigned subject to negotiation before closing. In other words, Preston argues that the issue of which leases fell under Section 2(b) is separate from the issue of whether this Court can order specific performance.

Defendants Chesapeake Energy Corporation and GSF LLC's (collectively "Chesapeake") argue that the evidence presented will show that, prior to the scheduled closing date, Preston failed to extend many leases beyond the window for exclusion under Section 2(b) of the PSAs, and that even when Preston did extend some leases

1

beyond the window for exclusion, Preston failed to notify Chesapeake within ten days of extending the leases such that those leases could be subject to the assignment under Section 2(b). Chesapeake further argues that evidence of which leases would expire, and thus which leases would be excluded, is highly relevant to Preston's claim for specific performance and the issue of whether assignment exhibits had been finalized. More specifically, it argues that some of the leases included on the assignments at the time the PSAs were signed might have been excluded under Section 2(b) prior to closing, and that a Section 2(b) exclusion was wholly separate from the title defect process specified in Section 6.

In light of this Court's relative unfamiliarity with the issue of Section 2(b), its legal and factual implications, and how it relates to Section 6 of the PSAs, the Court does not find it appropriate to exclude this evidence. Once presented the information, the Court will make an informed decision as to how this information and testimony should be weighed in its findings of fact and conclusions of law. Moreover, that the parties appear to directly conflict on the issue of whether Section 2(b) would have affected the leases to be assigned at closing further suggests that the issue is one that the Court will need to examine more thoroughly.

Nonetheless, the Court notes Preston's representation at the hearing held on Wednesday, March 10, that Chesapeake's expert made no reference to alleged defects under Section 2(b) in his deposition testimony. As a result, Preston has not been made aware of the extent to which Chesapeake's expert may address this issue at trial. To prevent any pre-trial prejudice, and ensure that Preston is fully apprised of the information to be presented by Chesapeake, the Court orders that Chesapeake make its

expert witness available for an additional 1.5 hours of deposition testimony prior to trial, for questioning only as to the issue that is the subject of Preston's Motion, at a time and place to be agreed upon by the parties.

**IT IS SO ORDERED**.

**SIGNED** this 15th day of March, 2010.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE